# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTONIO BUSBY, | DOCKET NUMBER |
| Appellant, | AT-0752-24-0532-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE:  April 24, 2026 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Adam Jerome Conti</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Matthew J. Stokes</u>, Esquire, and <u>Andrew Hass</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for conduct unbecoming a Federal employee, failure to follow written agency policy, and lack of candor.  On petition for review, the appellant presents a number of arguments.  For example, he disagrees with the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's determination that the agency proved all of its specifications in support of its charges. The appellant reasserts his affirmative defenses of harmful error, due process violations, and discrimination based on sex and race. He also argues for the first time on review that the agency erred in relying on a voice recording that it did not submit into the record. In addition, he challenges the determination that the agency proved the nexus of his conduct to the efficiency of the service and the reasonableness of its chosen penalty of removal. Finally, the appellant argues that the administrative judge abused her discretion in denying the appellant's request to call his first-level supervisor as a witness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to conclude that the agency did not prove one of its three specifications of failure to follow written agency policy; to expand upon the analysis of the appellant's harmful error affirmative defenses; and to apply the correct standard to the appellant's race and sex discrimination claims, we AFFIRM the initial decision.

The appellant reargues on review that the agency failed to prove that he violated a policy requiring that employees report "threats of violence . . . immediately." Initial Appeal File (IAF), Tab 4 at 238, 244, 642-44, Tab 23-14,

Hearing Transcript, Day 2 (HT-2) at 125 (the closing statement of the appellant's attorney); Petition for Review (PFR) File, Tab 1 at 20. He reasons that the threat that he allegedly delayed reporting was nonviolent. PFR File, Tab 1 at 20. The administrative judge sustained the specification. IAF, Tab 24, Initial Decision (ID) at 14. We agree with the appellant.[2]

To prove a charge of failure to follow agency policy, an agency must establish by preponderant evidence, as relevant here, that the employee failed to follow the policy in question. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 27 (2016) (finding that an agency has the burden of proving its charges by preponderant evidence); *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014) (stating that a charge of failure to follow instructions requires proof that an appellant failed to follow an instruction); *Asberry v. Department of Justice*, 62 M.S.P.R. 603, 606-07 (1994) (concluding that an agency failed to prove that an appellant violated an agency policy against unauthorized investigations when he obtained a witness statement after agency officials gave him ambiguous instructions inviting him to talk to and produce witnesses and provide their names and the specifics of their allegations). The policy at issue here defined "violence" as "[a]n action which . . . is perceived as an intent to cause physical harm to persons or damage to property." IAF, Tab 4 at 642.

On May 14, 2023, the spouse of the appellant's subordinate sent a series of threatening texts to the appellant. IAF, Tab 19 at 3137-38. The appellant stated when questioned by an agency investigator that he reported the texts to the agency approximately 2 weeks later. *Id.* at 3138. The agency alleged in the

---

[2] In light of our determination that the agency failed to prove that the threat at issue was a threat of violence, we need not reach the appellant's additional arguments that the agency failed to prove the specification because it did not establish on what date he first reported the texts to the agency, he eventually reported them, and the threat was not "viable." PFR File, Tab 1 at 19-20.

specification in question that the appellant's delay violated the requirement that he report the texts "immediately." IAF, Tab 4 at 238, 244.

The subordinate's spouse, who was not an agency employee, indicated in the texts that he would be in the office of a higher-level manager the next day if the appellant failed to resign. IAF, Tab 17 at 1041-42. We have considered the circumstances here, including that the spouse believed that the appellant was having a sexual or romantic relationship with the subordinate. IAF, Tab 17 at 266, Tab 23-13, Hearing Transcript, Day 1 (HT-1) at 176 (testimony of the appellant's subordinate). We have also considered that the language in the spouse's texts denigrated the appellant as a "pices [sic] of shit," "garbage," and a "b[--]ch." IAF, Tab 17 at 1042. However, the implication in the texts is that the spouse was threatening the appellant's job by indicating that he planned to report the appellant's relationship with his subordinate to the agency. *Id.* at 1041. The texts did not refer to weapons, bodily injury, and physical damage. *Id.* at 1041-42. We therefore find that the agency failed to prove by preponderant evidence that the subordinate threatened physical harm to persons or property. 5 C.F.R. § 1201.4(q) (defining a preponderance of the evidence as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue). Therefore, the agency did not prove this specification of its failure to follow policy charge.

Nevertheless, the administrative judge's error does not provide a basis to disturb the initial decision. When more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Here, the administrative judge determined, and we agree, that the agency proved the remaining two specifications supporting the failure to follow policy charge. ID at 13-14. Because the administrative judge's finding sustaining the specification in

question does not impact the outcome in this appeal, it provides no basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant also reraises his harmful error claims on review. PFR File, Tab 1 at 25-27. The administrative judge found that the appellant did not prove these claims below. ID at 16-19. We modify the decision to expand upon her reasoning in reaching this conclusion.

Reversal of an agency's action is required when an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. 5 U.S.C. § 7701(c)(2)(A); *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015). Harmful error, however, cannot be presumed; an agency's error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Goeke*, 122 M.S.P.R. 69, ¶ 7. An agency is required to follow its own rules, regardless of whether those rules go beyond the requirements of Government-wide statutes and regulations. *Id.* Neither chapter 75, nor the Office of Personnel Management's regulations, addresses the particular agency officials who should serve as proposing or deciding officials in adverse employment actions. *Id.* Notwithstanding, when an agency imposes a policy of proposing and issuing employee discipline, the agency is required to follow those procedures. *Id.*

On review, the appellant reasserts that the agency violated its own policies when a Chief Human Capital Officer (CHCO) elected to refer the allegations against him to a Disciplinary Review Board (DRB). PFR File, Tab 1 at 25-27; HT-2 at 120-21, 127 (the closing argument of the appellant's attorney). The appellant points to policies that he argues the agency violated. PFR File, Tab 1 at 25-27.

The administrative judge seems to have rejected this claim in short order. ID at 18-19. We modify the administrative judge's reasoning to expand upon that analysis and specifically address policies that the appellant alleges the agency failed to follow. We conclude that the appellant did not prove that the CHCO violated agency policies.

An agency manual on discipline states that, "[i]n most cases, the proposing official should be a lower level supervisor within the employee's chain of command." IAF, Tab 15 at 198, 207. However, the policy vests authority in the CHCO to appoint someone else. *Id.* An agency directive permits the CHCO to refer the matter to a DRB to propose disciplinary action. IAF, Tab 4 at 629-31. It identifies appropriate cases as those presenting an actual or potential conflict of interest, involving senior management officials, or that the CHCO determines "requir[e] special handling." *Id.* at 630. Cases that require special handling include those in which an employee is accused of "sever[e]" misconduct. *Id.* at 634. Here the CHCO elected to refer the matter to a DRB based on her conclusion that "it involve[d] a senior-level manager and the allegations [were] egregious in nature." IAF, Tab 15 at 70, 242. The three-member DRB panel appointed by the CHCO met and reached a unanimous decision to propose that the agency remove the appellant from employment. HT-1 at 89-90, 92-93 (testimony of the Chair of the DRB). The Chair of the DRB then issued the appellant's proposed removal. IAF, Tab 4 at 237; HT-1 at 102 (testimony of the Chair of the DRB).

To the extent that the appellant argues that he does not meet the definition of a senior-level manager, we need not decide that question. PFR File, Tab 1 at 26. We discern no error in the CHCO referring the allegations on the alternative basis that they were severe. The appellant concedes that a sexual relationship between him and his subordinate would be "egregious." *Id.* at 26. However, he denies that the relationship was sexual. *Id.* In doing so, the appellant mistakes the scope of the agency's policy. Cases that require special

handling include not only those involving proven severe misconduct but also those involving "an allegation" of such. IAF, Tab 4 at 634. The subordinate's spouse sent emails to the agency at the end of the May and beginning of June 2023 suggesting that the appellant and the subordinate were in an inappropriate relationship, that the appellant had compromising pictures of his subordinate, and that the appellant had pressured the subordinate to get a divorce "to make the road clear for him." IAF, Tab 17 at 5-7, 257-58. The CHCO's determination that these allegations were sufficiently severe to justify referral to a DRB appears to be in accordance with the agency's policies, and the appellant has not proven otherwise.

With respect to the appellant's race and sex discrimination claims, the administrative judge found that the appellant failed to prove a genuine nexus between his race or sex and his removal, citing to *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), *superseded in part by statute on other grounds as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 (2015). ID at 19. When an appellant alleges discrimination based on race or sex, the Title VII standard applies, not the *Warren* standard. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20, 30-32. We modify the initial decision to consider the appellant's claims under the Title VII standard, as articulated in *Pridgen*. We determine that the administrative judge's citation to the *Warren* standard was not harmful.

The administrative judge found that the appellant presented no evidence supporting his discrimination claims. ID at 19. The appellant argues on review that his subordinate was not disciplined while the appellant was removed for the same misconduct. PFR File, Tab 1 at 32-33. An appellant may prove a discrimination claim based on direct evidence, circumstantial evidence, or a combination of the two. *Pridgen*, 2022 MSPB 31, ¶ 24. Circumstantial evidence includes evidence that a similarly situated employee was treated more favorably. *Id.* To be similarly situated, comparators must have reported to the same

supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*, ¶ 27.

The appellant's subordinate reported to the appellant, and thus is not a valid comparator. Further, the appellant does not claim that his subordinate failed to follow agency policy as the agency alleged in the appellant's proposed removal. IAF, Tab 4 at 238. As to the appellant's remaining alleged misconduct, the DRB considered recommending that discipline be issued to the appellant's subordinate but concluded that the subordinate's circumstances differed because she may have felt that she was not "in a position to not participate" in the relationship at issue. HT-1 at 95 (testimony of the proposing official). Board case law and logic support making this distinction. *See Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 21 (concluding that an appellant's inappropriate comments toward subordinates, over whom he possessed supervisory power, violated the authority his employing agency vested in him as a supervisor).

The appellant also argues on review that the administrative judge abused her discretion when she denied the appellant's request to call his first-level supervisor as a witness. PFR File, Tab 1 at 22-23. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013). To obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Id.*

The administrative judge approved the appellant's request for the testimony of three witnesses and himself. IAF, Tab 14 at 20-22, Tab 21 at 9-10. She disapproved only his request for his first-level supervisor's testimony, reasoning that the supervisor lacked first-hand knowledge of the appellant's alleged

misconduct.[3]  IAF, Tab 21 at 10.  On review, the appellant states a variety of bases, such as his performance, on which he believes his first-level supervisor could offer relevant testimony.  PFR File, Tab 1 at 23.  However, his first-level supervisor's opinions and observations on these matters are captured in her sworn and uncontested declaration in the record.  IAF, Tab 19 at 2883-89; *see Edwards v. Department of Veterans Affairs*, 111 M.S.P.R. 297, ¶¶ 4, 6 (2009) (explaining that an unrebutted affidavit or a declaration made under penalty of perjury proves the facts asserted therein).  The appellant also testified regarding his employment history.  HT-2 at 46-48 (testimony of the appellant).  Therefore, the testimony that the appellant argues he would have obtained from his first-level supervisor on review would have been redundant of other evidence in the record.  Further, the deciding official considered the appellant's "commendable career" to be a mitigating factor.  PFR File, Tab 1 at 23; HT-1 at 135 (testimony of the deciding official); IAF, Tab 4 at 174; *see Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 7 (2016) (explaining that the penalty judgment belongs to the agency, not to an appellant's supervisor).

In sum, we discern no basis to reverse the initial decision based on the appellant's arguments on review.  We modify the initial decision only as reflected above.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[3] The administrative judge indicated that the appellant could renew his request for this witness at the hearing.  IAF, Tab 21 at 10.  The appellant has not argued on review that he did so.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        *Gina K. Grippando*

                                     _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.